Joi-iNSTON, Ch.
delivered the opinion of the Court,
"We concur that this case is decided by the cases of Gibson v. Montfort, Gurney v. Fitzgerald, and Ackus v. Phipps.
Gurney v. Fitzgerald, lord Eldon says, “the general principles are these: when personal estate is given to A. at 21, that will carry the intermediate interest. If the testator gives his estate, black acre, at a future period, that will not carry the intermediate rents and profits. But where he mixes up real and personal estate in the same clause, the question must be whether he does not show an intention that the same rule shall operate on both.” “Here,” proceeds his lordship, “the property was partly real, partly personal, and partly of such a description that the testator does not seem to have known whether it was real or personal. He does not by his will create any trust, but makes a legal devise and bequest of the whole together. Then is not the weight of authority in favor of the proposition — that when real and personal estate are given in this way, the intermediate profits of both must go together.”
The inference arising from the combination of realty and personalty, in the same testamentary disposition, is that the testator, in this case, intended his niece to have the intermediate rents of the realty, in exclusion of his son ; and this evidence of intention is strengthened by the expression of another intention, exactly harmonizing with it, to wit; that the son should have no more out of his estate, than an annuity of $700. This, although insufficient to exclude the son without giving the property over to another, certainly helps to a more enlarged construction of the clause, in favor of the niece j and enables us to determine, with more confi *69 dence, that that clause extends to the intermediate profits, and gives them away from the son.
It is ordered that the decree be affirmed, and the appeal dismissed.
The whole Court concurred.

Decree affirmed.